STATE OF CONNECTICUT *v.* THOMAS CRISANTI
(AC 22387)

Schaller, Flynn and Dupont, Js.

Argued February 21—officially released April 22, 2003

*Frank P. Cannatelli* filed a brief for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Jason Germain*, assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Thomas Crisanti, appeals from the denial of his motion for contempt, first dated February 10, 2001, and renewed on July 23, 2001, in which he sought the return of a motorcycle. The February 10 motion sought to hold the division of state police of the Connecticut department of public safety, which was not a party in this action, in contempt for its failure to return a motorcycle to him per an order of the court, *Levine, J.*, dated September 1, 2000. The February 10 motion was not acted on. In the renewed motion, the defendant made it clear that he was seeking an order from the court that the motorcycle be returned forthwith.

On October 29, 1999, the defendant was arrested and charged with the theft of an automobile, which charge was nolled on January 20, 2000. The court, *Holden, J.*, on January 26, 2000, ordered that all seized property, which included a 1974 Harley Davidson motorcycle, be returned to the rightful owner upon proper claim within six months of the date of the order.

The defendant was again arrested on January 31, 2000, as a result of a warrant, and was charged with three counts of altering a motor vehicle identification number.[1] Those charges were closed out under of General Statutes § 14-140 after the defendant failed to appear for a scheduled court date. As a part of its orders, the court, *Holden, J.*, after finding the motorcycle to be contraband, ordered the motorcycle transferred to the examiner of state property pursuant to General Statutes § 14-149 (a), which provides in relevant part

---

[1] Apparently, as a result of that subsequent arrest, the state police continued to hold the motorcycle. Other than the finding of the court that the motorcycle was contraband, there is nothing in the record that explains how the motorcycle became part of the subsequent case or whether any of the charges associated therewith related to the motorcycle.

that no person shall have in his "possession any motor vehicle . . . with a mutilated, altered or removed vehicle identification, factory or engine number or a number which shows evidence of having been tampered with . . . ."

In a motion dated August 9, 2000, the defendant requested the return of the motorcycle on the grounds that he provided proof of ownership via the presentation of its registration form and that the same motorcycle had been seized and released in 1979 based on the same allegations of it being contraband. On September 1, 2000, the court opened the file that had been closed under § 14-140, and the defendant pleaded guilty, under the *Alford*[2] doctrine, to two counts of altering a vehicle identification number in violation of § 14-149 (d). After making that plea, the defendant's counsel asked the court, *Levine, J.*, for the return of the motorcycle. The prosecutor did not object, and the court granted the defendant's request, apparently unaware of Judge Holden's order.

Judge Levine ordered a subsequent hearing on the return of the motorcycle after being apprised of Judge Holden's earlier ruling. At that hearing, Judge Levine denied the defendant's motion, filed pursuant to General Statutes § 51-33a. The court also ruled that a finding of contempt under General Statutes § 54-36a would not offer the remedy of return of the motorcycle either. The court explained to the defendant that he would have to bring an action specifically against the state police to determine the validity of the court's order to return the motorcycle, and, in that action, he would have to prove that he was the rightful owner of the motorcycle and that he had made a proper request for return of the motorcycle within six months of the

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

disposition of his case, or that the return of the motorcycle specifically was part of his plea agreement in connection with his arrest for alteration of a vehicle identification number.

We conclude that the court properly denied the renewed motion for contempt because neither § 51-33a nor § 54-36a afford, as a remedy for contempt, the very remedy sought by the defendant, namely, return of the motorcycle. Under § 51-33a, the remedy is limited to a $500 fine, six months imprisonment or both. Under § 54-36a (1), the remedy for criminal contempt is limited to a fine of not more than $100. Because the defendant concedes that return of the motorcycle was the remedy that he sought, rather than contempt fines or imprisonment, which could induce that result, we conclude that the court properly denied the return of the motorcycle.

The judgment is affirmed.